UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**ELIJAH M. LANDON et al.**                                                                              **PLAINTIFFS**

v.                                                                        **CIVIL ACTION NO. 4:20-CV-3-JHM**

**SABRINA BASHAM SMITH et al.**                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

      *Pro se* Plaintiffs Elijah M. Landon, Ramonda Payne, and ReeDonna Landon initiated this civil action against Defendants Sabrina Basham Smith, Sheila Wathan, and Leslie Rae Redd. Because Plaintiffs are proceeding *in forma papueris*, this matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

      According to the complaint, Plaintiffs are a "family unit," residing in the same home. They allege that they are "suffering emotional distress and mental anguish over the Defendant'(s) threats and lies." They allege Defendants have committed "fraud, defamation, slander and libel" against them. It appears from the complaint that Defendant Wathan is a neighbor of Plaintiffs who screamed derogatory commentary "from the street"; that Defendant Smith has made "slander and defamatory remarks" of which Plaintiffs have recordings, Facebook posts, text messages, and private messages; and that Defendant Redd posted false information concerning Plaintiffs on Facebook.

      The complaint states that the bases for jurisdiction in this Court is federal question, "Under 28 U.S.C. § 1331, and the United States Constitution. Assault, Libel and Slander. KRS

Chapter 411.045." The complaint also refers to "KRS Chapter 411.045[;] 42 U.S.C. Section 1983[;] 28 U.S.C. Section 1331[;] U.S. Constitutional Rights 1-14[;] Civil Rights."

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although the complaint refers both to the U.S. Constitution and § 1983, Plaintiffs have no cause of action directly under the Constitution; Section 1983 provides the exclusive remedy for constitutional violations. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Therefore, the Court construes Plaintiff's constitutional claims as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). Nothing in the complaint indicates that Defendants are not private citizens or acting in any way under color of state law. Therefore, Plaintiffs fail to state a constitutional claim against any Defendant. *Balcar v. Jefferson Cty. Dist. Court*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017) ("These defendants are not alleged to be state actors, as they must be in order for their conduct to be subject to § 1983." (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th

Cir. 1992)); *see also Tahfs v. Proctor*, 316 F.3d 584, 590-1 (6th Cir. 2003) (noting that generally, plaintiffs may not proceed under § 1983 against a private party).

Plaintiffs also raise state-law defamation claims against Defendants. Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over the Plaintiff's state-law claims for defamation. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: July 7, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
    Defendants
4414.009